# William B. Reynolds *et al. versus* The Ocean Insurance Company.

Under a provision in a policy of insurance, that the assured shall not have the right to abandon unless the amount of the damage to be paid by the insurers, upon an adjustment as of a partial loss, will amount to one half of the agreed value of the vessel, general average charges are not to be included in the estimate of the damage, in determining whether the assured is authorized to abandon.

If a vessel at anchor is in imminent peril and there is every probability that she will soon sink at her anchors or part her cables and drive on shore, unless her cables are cut, and they consequently are cut, and the vessel is *voluntarily* run on shore, as the best expedient for saving life and property, the expense of getting her off is a subject of general average, and this without regard to the consideration, whether the voyage is resumed or the cargo again taken on board, or not.

If a vessel is stranded, and the insurers, having refused to accept an abandonment, take possession of her for the actual and declared purpose of getting her off, repairing and restoring her to the assured, and she is afterwards got off by them and in good faith repaired and within a reasonable time tendered to the assured, and he makes no objection on account of the incompleteness of the repairs and points out no deficiency, the insurers will not be deemed to have accepted the abandonment, although it may be afterwards discovered, that there were in fact deficiencies in the repairs or equipment of the vessel.

But if the insurers, after taking possession of the vessel for the avowed purpose of re pairing her, do not, in good faith, proceed to make a full and complete repair and re-equipment of the vessel, or if, at the time of the offer by them to restore the vessel as fully repaired and equipped, the assured points out deficiencies which actually exist, and the insurers refuse or unreasonably neglect to supply such deficiencies, then the assured are not bound by the tender, and the insurers will be deemed to have accepted the abandonment.

So, if the vessel is not got off, repaired and offered to be restored within a reasonable time, after the insurers take possession of her for that purpose, they will be deemed to have accepted the abandonment.

If a vessel is abandoned to the insurers, and after an apparently complete repair by them, is tendered to the assured and accepted by him, such acceptance will not preclude him from maintaining an action to recover indemnity for any subsequently discovered deficiency in her repairs, as a partial loss.

Where one of the owners of a vessel causes himself to be insured, for whom it may concern, a certain sum upon the vessel, payable to himself, he is authorized, *primâ facie*, to abandon, in case of loss, for himself and those for whom the insurance was effected, there being no evidence of dissent on their part.

The question, whether an abandonment is made within a reasonable time, is for the jury, being a mixed question of law and fact. If, where a vessel is stranded but not bilged the assured, upon the first information of the loss, is in a state of uncertainty as to the actual condition of the vessel, and waits a few days for more definite information and not with a view to speculate on chances, and if the length of time she has remained ashore has increased the probability that she cannot be got off, and the loss continues total at the time of the abandonment, these are circumstances tending to show that the abandonment is made within a reasonable time.

Reynolds
*v.*
Ocean
Ins. Co.

THIS was an action on a policy of insurance, dated December 19th, 1836, whereby the defendants caused the plaintiff, Reynolds, to be insured for whom it might concern, the sum of $ 6500, on the brig Gem, valued at that sum, for one year. The policy was made payable to Reynolds. It was provided by the policy, that the assured should not have a right to abandon for the amount of damage, unless the sum to be paid by the underwriters, upon an adjustment as of a partial loss, should be equal to half of the agreed value of the vessel. The plaintiffs claimed for a total loss.

The trial was before *Shaw* C. J.

It appeared, that on the 9th of April, 1837, the vessel, having struck the bottom, was brought to anchor near Cape May, and being in a leaky condition and in danger of sinking, the master, for the preservation of all on board, slipped her cable and she went ashore ; that a part of her cargo having been taken out, she was got off by the defendants and removed to Philadelphia, with only part of her cargo on board, and after being repaired by them, was tendered to the plaintiffs ; that the expense of getting her off was $ 1500, and the cost of repairs, $ 2998·61, amounting in the whole to the sum of $ 4498·61 ; and that Reynolds, on the 20th of April, 1837, addressed to the defendants a letter as follows. " The brig Gem being ashore and not probable that she will be got off, I hereby abandon said vessel to the office and claim a total loss, as insured by policy No. 16,677. (Signed) W. B. Reynolds ; " but that the defendants refused to accept this abandonment.

The defendants contended, that the damages, after the legal deductions were made, did not amount to fifty per cent, and so that there was not a constructive total loss ; that the cost of getting the vessel off and removing her to Philadelphia, was not to be included with the expenses of repairs ; that the abandonment was insufficient in point of form ; that there was no unreasonable delay on their part in getting off and repairing the vessel, nor any substantial deficiency in the repairs ; but that if there were, these circumstances would not amount to an acceptance of the abandonment.

The jury were instructed, that in estimating the amount of damages, in order to determine whether there was a construc-

tive total loss, pure general average charges were not to be included ; that if a vessel is voluntarily stranded, in order the better to save the vessel and cargo, and afterwards the vessel and cargo are got off, and the cargo put on board and the voyage prosecuted, the damage done by such voluntary stranding, and the expenses attending it, are strictly general average charges ; but that if a vessel is in a dangerous condition, having sustained damage by one of the perils insured against, and upon being brought to anchor, is found to be leaky and in danger of sinking or being beaten to pieces at her anchors, and the cable is cut or slipped, as the safest thing to be done to preserve life and property, and the vessel is thereupon driven ashore and the cargo taken out and not again put on board to be carried forward, in such case the damage done to the vessel and the cost of getting off and saving, are not strictly general average charges, but are to be estimated in computing the fifty per cent ; that if the damage would amount to more than fifty per cent, computed upon proper principles, the insured had a right to abandon ; that in such case the insurers had no right to repair the vessel and tender her to the assured and so avoid the effect of the abandonment ; that as to the question, whether the abandonment was made within a reasonable time, it was for the jury, being a mixed question of law and fact ; that if the jury were satisfied, that upon the first information the assured were in a state of uncertainty as to the actual condition of the vessel, and waited a few days for more definite information, and not with a view to speculate upon chances, if the vessel was stranded but not bilged, and if the length of time she remained ashore had increased the probability that she could not be got off, and the loss continued total at the time of the abandonment, these were circumstances tending to show that the abandonment was made within a reasonable time ; and that if it were not made within a reasonable time, the plaintiffs could not recover for a total loss.

It was objected, that the notice of abandonment was not made in due form, it being made by Reynolds alone.  In regard to this, the jury were instructed, that the insurance having been made by Reynolds in his own name, for whom it might concern, and he being recognized by the contract as the party

Reynolds
*v.*
Ocean
Ins. Co.

insured, an abandonment by him was made upon apparently sufficient authority ; and that if there was no evidence of dissent on the part of the other parties in interest, their assent was to be presumed from their having employed him to make the contract and bringing the action.

It was also objected that the notice of abandonment did not sufficiently specify the nature of the damage and the causes and grounds upon which a total loss was claimed. Upon this point, there being evidence tending to show, that the notice of abandonment was accompanied by certain letters, which were at the same time exhibited to the insurers, the jury were instruct ed, that if such letters were thus exhibited to the insurers at the time of the abandonment, they did disclose sufficient ground of technical total loss, to warrant the abandonment.

The main questions left to the jury were, whether the ves sel was completely and fully repaired, and whether this was done within a reasonable time.

In regard to these questions, the jury were instructed, that an acceptance of the abandonment by the insurers was not to be presumed from their taking possession of the vessel and re-pairing her, if possession was taken for the special and de-clared purpose of repairing her for the benefit of the assured and restoring her thus repaired ; that if she was fully repaired and tendered within a reasonable time, and the loss properly computed did not exceed fifty per cent, it was a complete performance of the contract on the part of the defendants ; but that if there was a substantial deficiency in her repairs, or any unreasonable delay in getting her off and making the repairs, the plaintiffs were not bound to accept the vessel ; that in either of these cases, the plaintiffs might insist upon their abandonment ; and that this would amount to a constructive accept-ance of the abandonment by the defendants, and the plaintiffs might, in such case, recover for a total loss.

It was further contended on the part of the defendants, that they could not be charged for a total loss on this ground, unless the jury were satisfied that they *intended* to accept the abandonment.

The jury were instructed upon this point, that it was not necessary to prove such intention on the part of the defend·

ants ; but that if there was unreasonable delay or an inadequate and insufficient repair of the vessel, it was a constructive acceptance of the abandonment.

The jury returned a verdict for the plaintiffs.

If the Court should be of opinion, that the directions were wrong in point of law, or that the verdict ought to be set aside as against the evidence, a new trial was to be granted ; otherwise judgment was to be rendered on the verdict.

*Choate* and *Crowninshield*, for the defendants, to the point, that the expenses of getting the vessel off, being under these circumstances a subject of general average, are not to be included in the estimate of damages in determining whether there has been a constructive total loss, notwithstanding the plaintiffs might recover indemnity for such expenses, cited 1 Emerigon, 408 ; Uses & Cost. de la Mar, 38 ; *Bedford Comm. Ins. Co.* v. *Parker*, 2 Pick. 1 ; *Orrok* v. *Commonwealth Ins. Co.* 20 Pick. 456 ; *Hall* v. *Ocean Ins. Co.* 20 Pick. 472 ; Abbott on Shipping, (Story's ed.) 344, 349, note ; *Bradhurst* v. *Columbian Ins. Co.* 9 Johns. R. 14 ; Stevens & Benecke on Ins. (Phillips's ed.) 83 ; *Eppes* v. *Tucker*, 4 Call, 346 ; *Columbian Ins. Co.* v. *Ashby*, 13 Peters's Sup. C. R. 331 ; *Caze* v. *Reilly*, 3 Wash. C. C. R. 298 ; *Gray* v. *Waln*, 2 Serg. & Rawle, 229 ; *Sims* v. *Smith*, 4 Binney, 513 ; and to the point, that if the insurers do not intend to accept the abandonment and give no reason to suppose that they do, and within a reasonable time tender the vessel repaired, though with small deficiencies, this was not to be deemed a constructive acceptance of the abandonment, *Peele* v. *Suffolk Ins. Co.* 7 Pick. 255 ; *Peele* v. *Merchants' Ins. Co.* 3 Mason, 78 ; *Wood* v. *Lincoln & Kenn. Ins. Co.* 6 Mass. R. 479.

*C. P. Curtis* and *B. R. Curtis*, for the plaintiffs. The expenses of getting the vessel off were not a subject of general average ; for they were not occasioned by a *voluntary* stranding, the only alternative being either to run the vessel ashore or to let her sink at her anchors. In fact, nothing was sacrificed here, but every thing was placed in a better situation. These expenses should therefore be included in the estimate, in determining whether the damages amounted to fifty per cent. Benecke & Stev. (Phillips's ed.) 143 ;

Reynolds
*v.*
Ocean
Ins. Co.

*March 29th.*

Reynolds
v.
Ocean
Ins. Co.

*Walker* v. *United States Ins. Co.* 11 Serg. & Rawle, 61 , 2 Phillips on Ins. 238 ; *Sewall* v. *United States Ins. Co.* 11 Pick. 90 ; *Potter* v. *Prov. Washington Ins. Co.* 4 Mason, 298 ; *Maggrath* v. *Church*, 1 Caines's R. 196.

It is contended that all the owners should have joined in the abandonment. But an agent to insure has authority to abandon. Besides, an authority to abandon necessarily resulted from the mode of this insurance. The sum insured was payable to Reynolds ; and an abandonment was a necessary step to its recovery. *Chesapeake Ins. Co.* v. *Stark*, 6 Cranch, 268 ; *Courteen* v. *Touse*, 1 Campb. 43, note ; *Parker* v. *Towers*, 2 Browne's (Pennsylv.) R. Appendix, 80. But whatever may have been the authority of Reynolds originally, the subsequent ratification of his acts by the other plaintiffs, supplied any deficiency. *Routh* v. *Thompson*, 13 East, 274 ; *United Ins. Co.* v. *Robinson*, 2 Caines's R. 284 ; *Barlow* v. *Leckie*, 4 J. B. Moore, 8 ; *Hagedorn* v. *Oliverson*, 2 Maule & Selw. 485.

If the abandonment was accepted actually or constructively, the form is not material.

The abandonment was constructively accepted, because the vessel was not got off and repaired in season, and because the vessel was never substantially repaired. These facts are established by the verdict of the jury. *Peele* v. *Suffolk Ins. Co* 7 Pick. 254.

*Jun: 24th.*    SHAW C. J. delivered the opinion of the Court. The most material question in the present case is, whether under the circumstances the expense of getting the vessel off, or any part of such expense, is to be computed, in determining whether the vessel sustained damage to the amount of one half of the value, so as to constitute a technical total loss, to warrant an abandonment.

The provision in the policy is, that the assured shall not have the right to abandon for the amount of damage, unless the sum to be paid by the underwriter, upon an adjustment as of a partial loss, will amount to one half of the agreed value of the vessel. Under this rule, the one third new for old must be deducted from the cost of repairs, and no sums are to be included, except such as come under the denomination of partial loss ; general average charges are not to be included.

As to the charge of $1500 in the present case, for the expense of getting the vessel off, the Court are of opinion, that instead of the qualified instructions given on the trial the law should have been stated thus ; that if the cable was voluntarily cut and the vessel was voluntarily run on shore as the best expedient for saving life and property, although the vessel was in imminent peril, and although there was every probability, that she would soon sink at her anchors, or part her cables and drive ashore if not cut, still the loss was to be considered as coming within the principle of general average, and is to be adjusted as a general average, and not as a partial loss, and this without regard to the consideration, whether the voyage is resumed or the cargo again taken on board, or not. The Court are also of opinion upon the evidence, which upon this part is undisputed, that the loss occasioned by the vessel's going ashore, being in consequence of the voluntary cutting of the cable, was a general average loss, not to be computed in an adjustment as of a partial loss, in estimating the fifty per cent, cost of repairs. It follows from this, that the $1500 charged as the expense of getting the vessel off, is not to be included in the fifty per cent. If this is deducted, there is no ground, we believe, to contend, that there was a technical total loss, sufficient to warrant the abandonment.

In regard to another material point, the constructive acceptance of the abandonment, on the part of the underwriters, by their acts, the Court are of opinion, that the rule should have been laid down with some further qualifications. It may be stated thus ; that if the underwriters, after having refused to accept the abandonment, took possession of the vessel, for the actual and declared purpose of getting her off, repairing and restoring her to the assured, and in good faith intended and with reasonable diligence proceeded to make full and complete repairs, and in good faith, according to their intent, did make what they considered and believed to be a substantial repair and restoration of the vessel to as good a condition as she was in before, and in this state tendered her to her owners, it was a substantial performance of their contract, and the assured were bound to accept her ; that if, at the time of such tender, the assured made no objection to the sufficiency or complete-

ness of the repairs, nor pointed out any deficiency, the tender should be deemed good, although it might be discovered afterwards that there were deficiencies in the repairs. And inasmuch as it may happen, that after what may be deemed, and what may seem to one or both parties to be a complete repair, some deficiencies may appear, the Court are of opinion, that the acceptance of the vessel, by the assured, would not preclude them from claiming any further loss or damage, which might be discovered, but according to the principles of the contract, securing to the assured an indemnity, an action might be maintained, after such acceptance, to recover for any such deficiency, or unrepaired damage, as a partial loss.

The jury should have been instructed, that if the cost of repairs, exclusive of general average charges, among which were the expenses of getting the vessel off, would not amount to fifty per cent after deducting one third new for old, and making the other usual and stipulated deductions and additions, as upon an adjustment of a partial loss, there was no constructive total loss, and no right to abandon.

The question would then be upon the constructive acceptance of the abandonment. And as to this, if the vessel was thus got off, and in good faith repaired and restored, and within reasonable time tendered to the assured, and they made no objection on account of the insufficiency of the repairs and pointed out no deficiencies, the assured were bound to accept the vessel, and the underwriters shall not be considered as having accepted the abandonment ; and the result will be the same, although it is shown, that there were in fact deficiencies in the repairs or equipment of the vessel.

But if the defendants did not in good faith and with reasonable diligence proceed to make a full and complete repair and re-equipment of the vessel, or if at the time of the offer to restore the vessel as fully repaired and equipped, the assured pointed out deficiencies which actually existed, and the underwriters refused or unreasonably neglected to supply these deficiencies, and complete the repair and equipment, then the assured were not bound by the tender, and as the underwriters, after the offer to abandon, had taken the vessel into their possession, for the avowed purpose of repairing, but had not made

such repair, they must be considered as having made her their own, and as having accepted the abandonment, and then the assured would be entitled to recover for a total loss. After such a recovery, by force of the abandonment, and by such acceptance of the abandonment as established by the judgment, the vessel would remain the property of the underwriters.

The Court are also of opinion, that the jury were rightly instructed, that if the vessel was not got off, repaired and ready, and offered to be restored, within a reasonable time after the underwriters had taken possession of the vessel for that purpose, they must be considered as having made her their own, and accepted the abandonment, and would then be liable as for a total loss.

Some other questions were considered, which perhaps may not now be regarded as material. The Court are of opinion, that the plaintiff Reynolds was duly authorized, *primâ facie*, to make the abandonment for himself and those for whom the insurance was made in his name, and that as there was no evidence of dissent on their part, the abandonment made by him for himself and his associates, is sufficient ; also, that the directions in regard to the form, sufficiency and seasonableness of the abandonment, were correct. But in the position in which the case now stands, these questions are not very material, because if the abandonment was accepted, which seems to be the only serious question, all question in regard to its seasonableness or sufficiency must be considered as waived.

*Verdict set aside and new trial granted.*